IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BILL SALTER ADVERTISING, INC.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 05-0720-CG-M |
| ) | |
| **CITY OF ATMORE, a municipal** ) | |
| **corporation of the State of Alabama, and** ) | |
| **ALLEN NIX, as Building Inspector of** ) | |
| **said City.** ) | |
| ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the court on the motion of the defendants, City of Atmore and Allen Nix, to dismiss (Doc. 11), plaintiff's response thereto (Doc. 13), defendants' supplemental motion to dismiss (Doc. 22), plaintiff's response to defendants' supplemental motion (Doc. 27), and defendants' filing of supplemental authority (Doc. 38). Upon consideration of all matters presented and for the reasons stated herein, defendants' motion to dismiss is due to be **GRANTED in part and DENIED in part**.

**I.   FACTS**

Plaintiff, Bill Salter Advertising, Inc., is a Florida corporation in the business of outdoor advertising in the states of Alabama and Florida. (Doc. 34-1 at 2). Plaintiff's claims against the defendants, the City of Atmore, Atmore's building inspector, Allen Nix, and the Attorney General of the State of Alabama, Troy King, arise from the application of section 9.5 of a local ordinance (hereinafter "Ordinance") promulgated by Atmore in 1998. (Id.). Specifically, the Ordinance contains a sign regulation which, according to plaintiff, "impermissibly infringes

1

upon federal and state constitutional rights of the Plaintiff and others similarly situated."  (Id.).

Plaintiff had various billboards located in the City of Atmore at the time Atmore passed the Ordinance.  (Id.).  The plaintiff's established billboards were located on properties belonging to various landowners.  (Id.).  Pursuant to section 9.52 of the Ordinance, plaintiff's preexisting signs were properly permitted, nonconforming signs[1], and allowed to remain subject to several conditions.  (Doc 1-2, Ex. A at 4).  Of particular relevance is section 9.521 of the Ordinance, which stipulates that "[i]f any nonconforming sign is removed or destroyed or becomes 50% or more structurally deteriorated as determined by the Building Inspector, then the replacement sign shall be in conformance with the requirements of this Ordinance."  (Id.).

In September 2004, Hurricane Ivan damaged many of the plaintiff's signs.  (Doc. 34-1 at 3).  Consequently, plaintiff sought permits from Nix to repair the damaged signs.  (Id.).  Plaintiff provides that it "presented documentation to the defendants that the plaintiff's hurricane-damaged signs sustained less than 50% structural damage, . . . [but the defendants] refused to allow the plaintiff to rebuild its signs to their original sizes."  (Id.).  On October 11, 2005, the plaintiff appealed the denial to the City of Atmore Board of Zoning Adjustments, and the Board denied the appeal.  (Id.).  Plaintiff proceeded to submit an application to erect a new outdoor advertising sign at 1332 South Main Street, within the City of Atmore, to the Alabama

---

[1] Note 7 of the Ordinance bans any new outdoor advertising off-premises signs, but states that "[a]ll existing off-premise signs and billboards are [] grandfathered."  (Doc. 1-2, Ex. A at 12).

Department of Transportation (hereinafter "DOT").[2]  (Id. at 4).  The DOT issued two letters in which it denied plaintiff's application and reasoned that, according to Note 7, the City of Atmore's Ordinance does not allow any new outdoor advertising off-premises signs.  (Doc. 1-3, Ex. B and Doc. 1-4, Ex. C).

Plaintiff mounts an attack against the Ordinance in its entirety, contending that it violates the First and Fourteenth Amendments to the U.S. Constitution, along with analogous provisions of the Alabama Constitution, in several ways.  (Doc. 34-1 at 4).  Specifically, plaintiff alleges that the Ordinance creates a prior restraint on speech and regulates signs based upon content in that certain signs are exempt from permit regulations.[3]  (Id. at 4-7).  Moreover, plaintiff contends that the Ordinance grants defendants unbridled discretion due to section 9.521, fails to include a time limit within which permitting decisions are to be made, and lacks objective grounds for denying permit applications.  (Id. at 4-5).  Plaintiff seeks to enjoin defendants from enforcing the Ordinance and requests a judgment declaring the ordinance void in its entirety.  (Id. at 7).  Plaintiff also prays this court for at least nominal damages as well as costs and attorneys fees. (Id.).  Plaintiff claims that enforcement of the Ordinance has caused plaintiff lost revenues, lease payments and sign materials.  (Id.).

## II.   GOVERNING STANDARD

For purposes of a motion to dismiss,  the court must "take all the allegations in the

---

[2] It is unclear, as plaintiff fails to specify, whether 1332 Main Street, the location where plaintiff sought to erect a  "new sign," is where one of the plaintiff's damaged existing off-premise signs stood.

[3] Plaintiff's complaint cites the exemptions contained in section 9.53 of the Ordinance, albeit the absence of any suggestion that plaintiff's application would fall under any of them. (Doc. 34-1 at 5-6).

complaint as true, and view the complaint in the light most favorable to the plaintiff." Martinez v. Am. Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir.1993)).  Such a motion should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief."  Id.  Generally, the scope of the review is limited to the four corners of the complaint.  St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).  A motion to dismiss which challenges a district court's subject matter jurisdiction implicates the court's very power to hear the case.  The burden of establishing a federal court's subject-matter jurisdiction, once challenged, rests on the party asserting jurisdiction. See Thomson v. Gaskill, 315 U.S. 442, 445 (1942); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953 (1980).[4]

### III. ANALYSIS

Plaintiff seeks a judgment declaring the Ordinance void.  (Doc. 34-1 at 7).  The defendants move this court to dismiss plaintiff's claims on the grounds that the claims are not ripe, the plaintiff lacks standing and res judicata bars plaintiff's action.  (Doc. 11-1 at 4).  The court must begin its analysis by assessing whether plaintiff has standing to raise the claims asserted in the complaint.

Plaintiff states that "[t]he only issue in the case at bar is the constitutionality of the City of Atmore sign ordinance."(Doc. 27 at 3).  Defendants contend that the plaintiff lacks standing " to challenge the entirety of the [Ordinance] because it does not allege an injury in fact sustained as a result of all of the provisions of the ordinance that it is challenging."  (Doc. 11-1 at 1-2).

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Id. at 1209.

Plaintiff relies upon Solantic, LLC v. City of Neptune Beach, 410 F.3d 1250 (11th Cir. 2005), to assert that it does have standing to challenge the entirety of the Ordinance irrespective of whether plaintiff has suffered an injury under each provision of the Ordinance. (Doc. 13 at 2). Standing to challenge the statute in its entirety, however, was not an issue addressed by the Eleventh Circuit in Solantic, as the Court "specifically limited its review and only considered the entire sign code when deciding whether the unconstitutional sections under which the plaintiff was injured could be severed from the code."[5]  Tanner Adver. Group, L.L.C. v. Fayette County, GA, 451 F.3d 777, 795 (11th Cir. 2006)(Birch, J., concurring). Accordingly, the plaintiff's reliance upon Solantic is misplaced. As such, the viability of plaintiff's constitutional challenge hinges upon the suggestion that plaintiff's alleged injuries flowing from the Ordinance's prohibition of all new off-premises signs, unless they qualify under an exemption, as well as grant of unbridled discretion to defendants, are sufficient to establish standing to challenge the constitutionality of the Ordinance as a whole.

The Eleventh Circuit outlined the constitutional standing requirements in Tanner, 451 F.3d at 790-91 (en banc):

> The Constitution of the United States limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. CONST. art. III § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). A plaintiff who invokes the jurisdiction of a

---

[5] To the extent that plaintiff submits that any alleged unconstitutional provision is not severable from the remainder of the Ordinance, (Doc. 13 at 3), "[t]he Supreme Court has incorporated severability analysis into standing determinations [only] when there is clear evidence of legislative intent." Advantage Media, L.L.C. v. City of Eden Prairie, 456 F.3d 793, 801 (8th Cir. 2006). There is no such provision here by which the court might conclude that the legislature intended the provisions of the subject ordinance to be severable; thus, the court does not address the issue of severability in its standing determination.

> federal court bears the burden to show "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." Clearwater, 351 F.3d at 1116.  Each element is "an indispensable part of the plaintiff's case" and "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561, 112 S.Ct. at 2136.

Id.  Moreover, the Supreme Court has identified "certain sub-constitutional or 'prudential' [standing] doctrines."  Id. at 792 (Birch, J., concurring).  Relevant to this matter is the principle that "a litigant may only assert his or her own rights and may not argue claims that could have been asserted by third parties not before the court."  Id. at 793 (citing Allen v. Wright, 468 U.S. 737, 751 (1984).  The overbreadth doctrine constitutes an exception to the aforementioned prudential notion, under which a litigant, who has been injured by a statute as applied to him, may also challenge the statute facially on First Amendment grounds.  Id.  Under no circumstances, however, does the overbreadth doctrine relieve a litigant of its burden, as required by Article III, to demonstrate constitutional standing.  Id. (citing Bischoff v. Osceola County, 222 F.3d 874, 884 (11th Cir. 2000)).  Judge Birch's concurrence in Tanner provides that:

> [I]n the Supreme Court cases that have addressed the overbreadth doctrine and its relationship to Article III standing, litigants were allowed to mount facial (as opposed to strictly "as applied") challenges only to statutory provisions under which they had been injured.  The Court has not used the overbreadth doctrine to allow litigants to challenge related statutory provisions under which it concluded that the litigants had not been injured.

451 F.3d at 795-96.  Therefore, the overbreadth doctrine only allows a facial challenge to provisions under which the litigant has suffered an injury.

Here, the plaintiff's complaint, in which plaintiff assails the constitutionality of the entire Ordinance, fails to establish that it has sustained an injury under each provision of the

Ordinance. An Eleventh Circuit panel recently addressed the issue sub judice in Granite State Outdoor Adver., Inc. v. City of Fort Lauderdale, 194 Fed.Appx 754 (11th Cir. 2006). There, the district court dismissed the plaintiff's claims on the ground that it "lacked standing to challenge any provision of the sign ordinance except the provision upon which Granite State was denied a permit." Id. at 755. The Eleventh Circuit affirmed the dismissal and reasoned that:

> The complexion of this appeal has been altered dramatically by the order that vacated the panel decision in Tanner. 429 F.3d 1012. Before that order was entered, Granite State framed its appeal based on the erroneous notion that the denial of its applications for sign permits enabled it to challenge, under the overbreadth doctrine, any provision of the Sign Ordinance as a violation of the First Amendment. As the district court concluded, this argument is foreclosed by our decision in Granite State Outdoor Advertising v. City of Clearwater, 351 F.3d 1112, 1119 (11th Cir. 2003), as we recently explained in CAMP, 451 F.3d at 1270-73. As a result of the final decisions in Tanner and CAMP, the arguments of Granite State now collapse.

Id. at 757. Because plaintiff lacks standing to challenge provisions of the Ordinance that do not apply to its activities, see Camp Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1264 (11th Cir. 2006), and the overbreadth doctrine does not provide an exception to the requirements of constitutional standing, see Bischoff, 222 F.3d at 884, plaintiff's challenge as to the Ordinance in its entirety is due to be dismissed.

In view of the preceding discussion, plaintiff's standing in the present matter is limited to challenging the constitutionality of the subsections of the Ordinance under which its applications were denied. At this point in the proceedings, the court finds that its constitutional review extends only to a challenge to section 9.521 and Note 7, as the only actual injuries plaintiff appears to have suffered are the denial of its requests to rebuild damaged existing off-premise signs and the State of Alabama's denial of a permit to erect a new sign at 1332 Main Street due

to the categorical ban on new off-premise advertising billboards.[6]  Additionally, despite defendants' contention otherwise, these claims are ripe for resolution.  Plaintiff's damaged signs were properly permitted nonconforming signs.  Furthermore, there is no dispute that the Alabama Department of Transportation denied plaintiff's application for the required state permit pursuant to the Ordinance.  Finally, defendants' submission that this action should be dismissed based upon Section 6-5-440 of the Alabama Code is without merit.  Section 6-5-440 prohibits a plaintiff from prosecuting two different actions at the same time for the same cause, ALA. CODE 6-5-440; however, the issue before this court concerns the constitutionality of the subsections of the Ordinance, and the abatement statute cannot abate federal court actions. See Johnson v. Brown-Service Ins. Co., 293 Ala. 549 (Ala. 1974).

## CONCLUSION

Upon due consideration of all matters, and for the reasons stated herein, defendants' motion to dismiss plaintiff's claims (Doc. 11), is hereby **GRANTED in part and DENIED in part**.

**DONE and ORDERED** this 12th day of October, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] At this stage, the court cannot rule on the viability of plaintiff's challenges to other subsections of the Ordinance because a finding that the ban on off-premise advertising billboards is valid would render any discussion about the constitutional status of other provisions moot. See Advantage Advertising, LLC v. City of Hoover, Ala., 200 Fed.Appx. 831 (11th Cir. 2006). The constitutionality of the ban is not properly addressed on a motion to dismiss.